BENJAMIN B. WAGNER
United States Attorney
HENRY Z. CARBAJAL III
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>v.<br><br>ROSAURA M. TINAJERO,<br><br>                          Defendant. | CASE NO.  1:14-cr-00090 LJO-SKO<br><br>STIPULATION TO CONTINUE CHANGE OF PLEA HEARING; FINDINGS AND ORDER<br><br>DATE:  October 27, 2014<br>TIME:   1:30 p.m.<br>JUDGE: Hon. Lawrence J. O'Neill |

**STIPULATION**

The United States of America, by and through its counsel of record, and defendant, by and through her counsel of record, hereby stipulate as follows:

1.     By previous order, this matter was set for change of plea before the Court on October 14, 2014 at 1:00 p.m.

2.     By this stipulation, defendant now moves to **continue** the change of plea hearing before the Court to **October 27, 2014 at 1:00 p.m.**, and to exclude time between the date of this stipulation and October 27, 2014 under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv). The government does not oppose this request.

3.     The parties agree and stipulate, and request that the Court find the following:

1

a.    The government has represented that the discovery associated with this case includes over 2,700 pages of discovery, including investigative reports and related documents.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.  The government has also sent a plea offer to the defendant through counsel.

b.    Arthur Hampar, counsel for Rosaura Tinajero, has recently departed from his law firm and is now employed by the Fresno County Public Defender's Office.  He will shortly make a motion to withdraw from representing Ms. Tinajero, and substitute in attorneys Christian Schank and Michael L. Duncan, who are affiliated with Mr. Hampar's former law firm.  New defense counsel requires additional time to file a motion to substitute counsel and to finalize acceptance of the government's plea offer with their client, including additional review of discovery and communications with their client.  Defendant Tinajero, who is out of custody, lives in Nebraska. New defense counsel has had logistical difficulties communicating with the defendant regarding the content of the plea agreement due to the defendant's out of state residence, and needs two additional weeks to meet with the defendant and finalize acceptance of the plea agreement.  The defendant also travels from Nebraska to California to attend Court hearings.  October 27, 2014 is a convenient date for Tinajero to travel, appear in person in Court and attend her change of plea hearing.  Thus, the requested continuance will conserve time and resources for the parties and the court.

c.    Counsel for defendant believes that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d.    The government does not object to the continuance.

e.    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f.       For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of the date of this stipulation to October 27, 2014, inclusive, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.       Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.


IT IS SO STIPULATED.

DATED:        October 9, 2014

/s/Arthur E. Hampar
EARL CARTER and ASSOCIATES
Counsel for Defendant
ROSAURA M. TINAJERO

DATED:        October 9, 2014

/s/ Henry Z. Carbajal III
HENRY Z. CARBAJAL III
Assistant United States Attorney


**O R D E R**

The time will be 1:30 p.m., and not at 1:00 p.m.   Other than this change, the stipulations is ordered.

IT IS SO ORDERED.

Dated:   **October 9, 2014**                **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE

3