BENJAMIN B. WAGNER
United States Attorney
HENRY Z. CARBAJAL III
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for the
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:14-cr-00090 LJO-SKO |
| Plaintiff, | STIPULATION TO CONTINUE CHANGE OF PLEA HEARING; FINDINGS AND ORDER |
| v. | |
| ROSAURA M. TINAJERO, | DATE: November 3, 2014 |
| Defendant. | TIME: 1:30 p.m. |
| | JUDGE: Hon. Lawrence J. O'Neill |

**STIPULATION**

The United States of America, by and through its counsel of record, and defendant, by and through her counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for change of plea before the Court on October 27, 2014 at 1:30 p.m.

2. By this stipulation, defendant now moves to **continue** the change of plea hearing before the Court to **November 3, 2014 at 1:30 p.m.**, and to exclude time between the date of this stipulation and November 3, 2014 under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv). The government does not oppose this request.

3. The parties agree and stipulate, and request that the Court find the following:

1

a. The government has represented that the discovery associated with this case includes over 2,700 pages of discovery, including investigative reports and related documents. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b. New defense counsel, Michael Duncan, is counsel for the defense in a two-defendant robbery and assault with a deadly weapon case, Case No. Fwv1402739, currently pending in Department 18 of the Superior Court of San Bernardino County, Rancho Cucamonga Division. The matter has been set for preliminary hearing over defense counsel's objection on October 27, 2014, despite defense counsel informing the presiding judge of his required appearance in Fresno before the Court in this case, because the co-defendant refused to agree to a continuance past October 27, 2014. Thus, defense counsel and defendant request to reset the change of plea hearing in this case for November 3, 2014, the next available Court date. The plea agreement between the government and the defendant has been signed and filed. Dkt. No. 16. The defendant does not anticipate the need for any further continuances of the change of plea hearing, and plans to file a formal substitution of counsel in the next few days. Former defense counsel, Arthur Hampar, who is still listed as counsel of record, also agrees with the continuance for the reasons stated above. November 3, 2014 is a convenient date for Tinajero, who lives in Nebraska, to travel, appear in person in Court and attend her change of plea hearing. Thus, the requested continuance will conserve time and resources for the parties and the court.

c. Counsel for defendant believes that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d. The government does not object to the continuance.

e. Based on the above-stated findings, the ends of justice served by continuing the case

as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   f. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of the date of this stipulation to October 27, 2014, inclusive, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

   4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

DATED: October 23, 2014

        /s/Arthur E. Hampar
        ARTHUR E. HAMPAR
        Counsel for Defendant
        ROSAURA M. TINAJERO

DATED: October 23, 2014

        /s/ Henry Z. Carbajal III
        HENRY Z. CARBAJAL III
        Assistant United States Attorney

**O R D E R**

IT IS SO ORDERED.

 Dated: **October 23, 2014**   **/s/ Lawrence J. O'Neill**
                UNITED STATES DISTRICT JUDGE

3